JAMES H. G. BAKER AND ANOTHER, APPELLANTS, *v.* LOUIS ZIEGLER, RESPONDENT.

*Action to rescind a contract because of fraud, and to recover damages — if the contract cannot be rescinded because restoration is impossible, damages may still be recovered.*

In an action brought to rescind an agreement because of fraud and for the recovery of damages, it appeared that the plaintiffs, who, under the agreement, had acquired a kindling-wood business with a stock of wood on hand, had used up the stock of wood and had continued the business down to the time of the trial; the court thereupon dismissed the complaint because the plaintiffs had put it out of their power to make restoration.

*Held,* that this was error; that the plaintiffs were entitled to recover their damages resulting from the fraud, even if they were not entitled to rescind the agreement because it was out of their power to make restoration.

That if the facts stated in the complaint entitled the plaintiffs to relief, they were entitled to it without regard to the name given to the action in the complaint.

APPEAL by the plaintiffs from a judgment, entered in the office of the clerk of Kings county on the 31st day of May, 1889, after a trial at a Special Term held in Kings county, at which a judgment was rendered to the effect that the plaintiffs were not entitled to any injunction herein restraining the prosecution of the notes mentioned in said decision, or the collection of the rent upon the lease therein mentioned, or the foreclosure or enforcement of the chattel mortgage therein mentioned on default, and that the existing injunction herein be vacated, and that the complaint of the plaintiffs be dismissed, without costs, and without prejudice to whatever rights the plaintiffs may have to bring an action at law for damages.

The action was brought to rescind a contract for the sale of a kindling-wood factory which the plaintiffs had purchased from the defendant on December 1, 1888.

*Walter S. Poor*, for the appellants.

*Charles J. Patterson*, for the respondent.

BARNARD, P. J. :

The merits of this action were not tried. The action was brought to rescind an agreement for fraud and for damages. On the 1st of December, 1888, the plaintiffs entered into an agreement with the defendant whereby the plaintiffs purchased a kindling-wood business with the stock of wood on hand, and the lease of the premises with the good will of the business, for $9,000. Three thousand dollars was paid in cash, and notes given for $6,000, with a chattel mortgage as security. The plaintiffs aver that the defendant falsely, and with intent to deceive them, misrepresented the extent of the business, the amount of the profits, the quantity of bundles of kindling wood a cord would make, and the capacity of a drying room to dry wood. That the representation was made to defraud and did defraud the plaintiffs into making an agreement. The defendant on the trial gave evidence tending to deny the same. As it appeared that the plaintiffs had used up the stock of wood on hand and continued the business down to the time of the trial in February, 1889, the court dismissed

the complaint because the plaintiffs had put it out of their power to make restoration, and, therefore, this action could not be maintained. The appeal presents simply the question of the accuracy of this ruling. The plaintiffs were entitled to recover their damages for the fraud even if they were not entitled to rescind, because it was out of their power to restore. All the facts showing a cause of action were given ; and if the facts stated in the complaint entitled the plaintiffs to relief, they would be entitled to it without regard to the name given to the action in the complaint. (*Getty* v. *Devlin*, 54 N. Y., 403.) The complaint was one to rescind, and offered to reassign and deliver the property acquired, and such a complaint was upheld even where complete restoration was impossible. The Court of Appeals in *Gould* v. *Cayuga County National Bank* (99 N. Y., 333), use this language : " But that one guilty of a fraud obtained complete immunity because time or circumstance had made impossible a restoration of the parties to their original condition seemed such a reproach to the law that we added a statement of the settled and undoubted rule that though one situated like the plaintiff may not be able to rescind, he still has ample remedies. ' He may keep what he has received and sue to recover for damages for the fraud, or he may commence an action in equity to rescind and for equitable relief, offering in his complaint to restore in case he is not authorized to retain what he has received.' " (86 N. Y., 84.)

Under this decision the plaintiffs were right in their action in equity. They could not of their own act rescind, for that requires restoration, but they may offer to restore and have their complaint to rescind when the whole controversy will be before the court. Whatever it is right that plaintiffs restore will be decreed in that action.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide event.

DYKMAN, J., concurred ; PRATT, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.